The Honorable Dr. William H. Townsend State Representative 1304 Wright Avenue Little Rock, Arkansas 72206
Dear Representative Townsend:
This is in response to your request for an opinion regarding Section 2 of Act 577 of 1987, which is codified at Arkansas Code of 1987 Annotated 18-16-108 (Supp. 1987). You have asked the following specific questions:
1. What constitutes abandonment?
 2. What precautions, if any, should the Housing Authority take if the apartment appears to be abandoned?
 3. If the keys are not returned to the Management Office and neighbors report that the resident does not occupy on a regular basis, may the Housing Authority dispose of the property?
A.C.A. 18-16-108 (Supp. 1987) states as follows:
 Upon the voluntary or involuntary termination of any lease agreement, all property left in and about the premises by the lessee shall be considered abandoned, and may be disposed of by the lessor as the lessor shall see fit without recourse by the lessee. All property placed on the premises by the tenant or lessee is subjected to a lien in favor of the lessor for the payment of all sums agreed to be paid by the lessee.
The language of this provision must be cited in response to your first question. According to 18-16-108, "abandoned" property is that property which is "left in and about the premises by the lessee" following the "voluntary or involuntary termination of any lease agreement."
Your second question reflects an assumption that your principal inquiry is whether the lessee has vacated the premises. While this may offer some indication that the lease agreement has been terminated, it must be recognized that for purposes of A.C.A.18-16-108, the pertinent inquiry is whether there has been a voluntary or involuntary termination of the lease agreement. If the lessor is uncertain whether the lease agreement has in fact been voluntarily terminated, storage of the property during the remainder of the lease term may be warranted.
It must be noted in response to your final question that failure to occupy the premises on a "regular basis" would not appear to evidence voluntary termination of the lease agreement. The fact that keys to the premises have not been returned to management and that the premises are occupied, although on an irregular basis, would appear to support the conclusion that the lease agreement has not in fact been voluntarily terminated. Thus, based upon the facts presented, it must be concluded that the answer to your third question is no.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.